IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAUL MONTANO,  No. C-11-3051 TEH (PR)

    Plaintiff,

  v.  ORDER OF DISMISSAL

VINCENT S. CULLEN, Warden

    Defendant.  (Doc. #3)

_____/

    Plaintiff Raul Montano, presently serving a state prison sentence at San Quentin State Prison, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. Doc. #1. Plaintiff also seeks leave to proceed in forma pauperis, which the Court GRANTS in a separate order. The action is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous,

malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 341–42 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Here, Plaintiff filed a civil rights action claiming that the restitution fine imposed against him by the superior court and the ensuing deductions from his prison trust account violate the Ex Post Facto Clause of the United States Constitution. Specifically, Plaintiff claims that "Assembly Bill 1505...signed on September 29, 2006...and...effective January 1, 2007" and the resulting additional deductions from his prison trust account constitute a violation of the Ex Post Facto Clause.[1] See Doc. #1.

According to the Ninth Circuit, a post-conviction amendment to California Penal Code section 2085.5, which increased the percentage of restitution payments deductible from a prisoner's wages to a maximum of 50% (from the previous limitation of 20%), and

---

[1] According to the California Department of Corrections and Rehabilitation "Inmate Locator" website, Plaintiff was committed to state custody on June 24, 2002, i.e., over four years before Assembly Bill 1505 went into effect.

2

1 permitted restitution payments, as well as prisoner wages, to be
2 deducted from trust accounts, did not violate the Ex Post Facto
3 Clause because it did not impose "additional punishment." <u>Quarles</u>
4 <u>v. Kane</u>, 482 F.3d 1154, 1155 (9th Cir. 2007). Simply put, under the
5 law of the circuit, Plaintiff's allegations set forth in his
6 Complaint are insufficient to state a cognizable claim for relief
7 under 42 U.S.C. § 1983. The action, therefore, is DISMISSED with
8 prejudice.
9     The Clerk is directed to terminate any pending motions as
10 moot and close the file.

    IT IS SO ORDERED.

DATED   *10/18/2011*

*(signature)*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Montano-11-3051-dismissal.wpd

3